Richard T. Gille, Plaintiff-Appellant, v. Winnebago County Housing Authority, a Municipal Corporation, Defendant-Appellee.

Gen. No. 68–82.

Second District.

January 29, 1969.

Asher, Greenfield, Gubbins & Segall, of Chicago, for appellant.

Reno, Zahm, Folgate and Skolrood, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This is an action for personal injuries suffered by the 9½-year-old plaintiff on July 14, 1953, on the premises of a housing project owned and operated by the defendant, Winnebago County Housing Authority, and formerly known as the Camp Grant Barracks. On the date of the accident the plaintiff finished supper about six o'clock and went to the home of a young friend, Douglas Alm-

quist, who lived in the project. Master Almquist's mother gave him paper and trash to burn. Together, the two boys went to a fifty or fifty-five gallon oil drum which had the top cut out and holes cut in the bottom and sides. Two of these drums had been provided outside of each of the 22 buildings in the housing project, having been placed there by the defendant's employees. The side holes, cut for the purpose of creating a draft, were about eight to fourteen inches from the bottom. Holes in the bottom of the drums were intended to drain any water. Tenants burned rubbish and trash in the drums every day pursuant to the instructions of the defendant. The drums were emptied every week.

Master Almquist ignited the contents of the barrel by throwing a burning piece of paper into the container while both boys stood within a foot and a half from the drum. Plaintiff testified that flames shot out from the bottom of the barrel igniting his trousers about the knee and that, in bending over to extinguish the burning denim, the flames spread to his shirt. Plaintiff admitted that in his deposition of February 12, 1968, he had stated that he "couldn't tell" if his pantlegs had caught on fire. Also on cross-examination, plaintiff testified that there was no drum behind his family's residence in the project and that he had never burned papers in a barrel behind his residence, but also admitted that his deposition indicated that there had been a drum provided for their building and that he had, on occasion, burned papers in it at the request of his parents and, at least once, upon the instruction of one of defendant's employees.

The treating physician testified that on the date of the incident he examined the plaintiff and found first, second and third degree burns on the face, including burned ears; burns on the anterior and lateral surface of the chest, along the right wrist and hand and the left wrist and hand. There were no burns on his legs, to the best recollection of the treating physician.

During the course of the trial the attorneys for both parties executed a stipulation printed by the court which provided as follows:

> "When jury have agreed on and signed verdict they may deliver same to bailiff and then be excused without order of court."

> "Verdict to be later brought into Court by bailiff."

> "Polling of jury waived."

> "After verdict is signed, bailiff or any juror may tell result of verdict to anyone."

Counsel for both parties signed the stipulation which was dated February 21, 1968, and filed on that date.

At the conclusion of the case the jury retired to the jury room. After their deliberation the foreman handed the sealed verdict to the bailiff and the jurors left the jury room and disbanded. When the verdict was opened it was discovered that a not-guilty finding on behalf of the defendant had been returned and was signed by the foreman only. The jury was never requested, nor did it in fact return to the courtroom, to pronounce in open court or otherwise revise the verdict. Judgment was entered on the verdict. It is maintained that the verdict is void and ineffective because it was signed by the foreman only.

██ The signature of the foreman only to the verdict form, in and of itself, does not constitute reversible error. In the case of Chicago City Ry. Co. v. Cooney, 95 Ill App 471 (1900), affd 196 Ill 466, at page 476, 63 NE 1029, the court considered an argument that such a verdict was insufficient, and said:

> "It is argued that the written verdict returned by the jury was insufficient, in that it was signed by the foreman only, and not by all of the jurors. There is no merit in this contention. The return by the foreman in open court, in the presence of all the jurors, was sufficient. A written verdict is not essential and

473

a return of the verdict by the foreman ore tenus is enough. Here, the writing signed by the foreman having been announced in open court as the verdict in the presence of all the jurors, there was a sufficient return of the verdict."

This same language was quoted with approval and as authority in the case of Patterson v. Dempsey, 2 Ill App 2d 291, 119 NE2d 516 (Abst, 1954).

■ The verdict may also be delivered orally by the foreman in the presence of the other jurors and when so read aloud to them and assented to by them it constitutes the verdict of the jury. Catholic Order of Foresters v. Fitz, 181 Ill 206, 209, 54 NE 952 (1899).

This rule was recently recognized in the case of Scheck v. Evanston Cab Co., 93 Ill App2d 220, 236 NE2d 258 (1968) where it was stated at page 224:

"A verdict read in open court by the clerk in the presence of all the jurors is sufficient to establish validity, even though it was not signed by the jurors. Griffen v. Larned, 111 Ill 432; Mertz v. The People, 81 Ill App 576. The Civil Practice Act (Ill Rev Stats, Ch 110, Sec 68(1) (1967)) provides as follows: 'It is sufficient for the jury to pronounce their verdict by their foreman in open court, without reducing it to writing, if it is a general verdict. The clerk shall enter it in form, under the direction of the court.' There is no question whatever that the finding of guilty and the assessment of damages was the true verdict of the jury."

There is a substantial distinction between the right of a jury to seal their verdict and leave it with the court and the right of litigants to poll the jury. In the early case of St. Louis, V. & T. H. R. Co. v. Faitz, 19 Ill App 85 (1886) a discussion of the history of jury practices in returning a sealed verdict is found at page 88 where the Court said:

474

"It was formerly the practice not to allow the jury to separate until their verdict was publicly announced in open court, and to compel them to agree they were frequently deprived of the necessaries of life during their deliberations; and if, before they had agreed, it became necessary for the court to leave the town where the case was being tried, the judges were not bound to wait for them, but might carry them around the circuit in a cart, although, as Blackstone quaintly observes, they are not to be threatened or imprisoned. A much milder and more humane practice has, however, been adopted by the courts of this country. Here, it is true, we do not permit them to separate until they have agreed, but in the meantime they are furnished with all necessary refreshments, and if in civil causes they agree during a temporary adjournment of the court, they can be directed, and frequently are, to seal their verdict and return with it into open court when it again convenes. This practice is called returning a sealed verdict, . . . ."

In the case of Bond v. Wood, 69 Ill 282 (1873), it was error to discharge a jury even though counsel agreed to a sealed verdict. This is because counsel had not agreed to waive the polling of the jurors and allowing the jury to disperse after reaching its verdict. In referring to another case, the Court, at page 284, stated:

"The case of Pierce v. Hasbrock, 49 Ill 23, cited by counsel, is not in point. In that case the court was about to adjourn for the term, and the parties stipulated in open court the jury might seal their verdict, deposit it with the officer to be delivered to the clerk, and might separate, and need not return again to deliver their verdict. It was competent for the parties to make such an agreement, and hence there was no irregularity in the court in receiving the verdict and pronouncing judgment thereon."

Still the Court will not reverse a verdict unless there is some merit to the defense. In the case of Wickizer-McClure Co. v. Bermingham & Seaman Co., 151 Ill App 540 (1909), the Court did not condone what took place after the jury was disbanded, nevertheless, at page 541, the Court in affirming the judgment below stated:

". . . We disapprove of the procedure here adopted. When the jury had returned its verdict, it could have been polled, and could again have retired to reconsider it; but this could not be done after the separation and discharge from the consideration of the case. Rigg v. Cook, 4 Gilman, 336, at 346, 352. But however erroneous the action of the court was in permitting the jury to reconsider and correct the verdict rendered, after they had separated, the court will not reverse unless there are some merits to the defense. The defendant concedes that this is the correct rule."

Similarly, in the case of Cleveland, C., C. & St. L. R. Co. v. Monaghan, 140 Ill 474, 30 NE 869 (1892), the Court after admitting that a very grave irregularity had taken place stated at page 482:

". . . While we cannot approve of the course of the trial judge in permitting a juror to thus absent himself after the verdict was agreed upon and before it was returned into court and entered, yet we are not inclined to hold that there was such an abuse of the discretion which is necessarily entrusted to the trial court in circumstances like those here described, as to warrant us in setting aside the verdict."

The right of a party to poll the jury was early recognized in Illinois in the case of Crotty v. Wyatt, 3 Ill App 388, 389 (1879):

". . . Where matters are submitted to a jury their verdict must be returned in open court by the en-

476

tire panel, and when the same is pronounced, the parties have the undoubted right to have the jurors called individually, and to inquire of each one as to whether the pronounced verdict is his verdict. This course is termed in law, polling the jury. A verdict is not final until pronounced in open court and recorded; and until this is done, either party has the right to poll the jury. It is not less so when the verdict is brought in sealed, than when verbally announced by the foreman. A direction to the jury to seal up their verdict and separate, does not dispense with their personal attendance in court when the verdict is opened, and if any of them dissent their verdict cannot be recorded." (Citations omitted.)

See also, Commissioners of Spoon River Drain. Dist. v. Connor, 134 Ill App 434, 435–436 (1907) and Ellsworth v. Varnum, 105 Ill App 487, 490 (1903).

██ However, parties may agree to waive their right to poll the jury and have the verdict returned sealed. Wilcox v. International Harvester Co., 278 Ill 465, 470, 116 NE 151 (1917). Where the parties stipulate that the jury might seal their verdict and deposit it in the hands of an officer to be delivered to the clerk and that the jurors could then separate and not again return to court, it is substantially the same as delivering the verdict in open court. In Pierce v. Hasbrock, 49 Ill 23 (1868), the Court, at page 27 stated:

"The parties having agreed that the sealed verdict should be delivered to the clerk, and the jury separate, such delivery was substantially the same thing as its delivery in open court."

██ In the case under consideration the parties stipulated that the jury could return a sealed verdict and, after delivering it to the bailiff ". . . then be excused without further order of court." The polling of the jury

477

was waived. Counsel having so agreed cannot now claim that the party is deprived of his right to poll the jury.

█ Applying the law above to the facts and circumstances in this case we are of the opinion that the verdict was a valid rendition of the jury's conclusions even though signed by just the foreman.

█ Appellant further maintains that the court erred in failing to direct a verdict on behalf of the plaintiff at the close of all the evidence and in denying the plaintiff's motion for judgment non obstante veredicto. There is some conflict in the testimony which gives rise to a factual dispute which was properly submitted to the jury for resolution. We are unable to say that all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504 (1967).

█ Plaintiff further complains that the court erred in instructing the jury about the use of the verdict forms and that improper, prejudicial and inflammatory remarks were made by the defense attorney during the course of his argument to the jury. There is no record of these alleged incidents and they apparently were not taken down by the court reporter or otherwise recorded. The court will not consider such points unless the record shows the alleged error. DeBolt v. Wallace, 56 Ill App 2d 380, 384, 206 NE2d 469 (1964).

The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.