PERU STEEL ERECTORS, INC., Plaintiff-Appellant, *v.* STEVE YIRGA, Defendant-Appellee.

(No. 71-101;

Third District—December 28, 1972.

Craig M. Armstrong, of Ottawa, for appellant.

Louis Olivero, of Peru, and Peter F. Ferracuti, of Ottawa, both for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff-corporation, Peru Steel Erectors, Inc., appeals to this court from a judgment in favor of defendant Steve Yirga following a jury verdict for defendant in the circuit court of La Salle County. The action was instituted by the plaintiff-corporation as against defendant Steve Yirga in a complaint which alleged that he was one of the stockholders of the plaintiff-corporation and had failed to pay for the shares of stock issued to him.

From the record it is apparent that defendant admitted that he only nominally held the shares of stock issued by Peru Steel Erectors, Inc. He admitted that he had never made payment to the corporation for such stock. He denied that the shares of stock were his property, but stated instead that he held them for Fred Karkoski who had transferred property to the corporation as consideration for the issuance of the stock.

Evidence on behalf of the defendant indicated that defendant Yirga had prior to the incorporation of Peru Steel Erector, Inc., engaged in the business of selling steel buildings. His business, however, did not include the erection of such buildings. On occasions when defendant sold a building to one of his customers, he would apparently tell the customer that the predecessor of Peru Steel Erectors, Inc. (which prior to its incorporation was a proprietorship owned and operated by Karkoski) was in the business of erecting such buildings. If the customer thereafter contracted with Peru Steel Erectors for its services, defendant was given a commission by Karkoski. The evidence also indicated that the relationship between Peru Steel Erectors and defendant continued after the proprietorship was incorporated. Karkoski, it appears, continued to be the moving force in Peru Steel Erectors, Inc., although nominally he held no stock in such corporation.

It was also shown at the trial that Karkoski transferred property to the corporation presumably worth $20,000. If this property was transferred as payment for stock of the corporation, it would have represented full payment for 2,000 shares of common stock, which had a par value of $10, which the corporation was authorized to issue. The record contains no evidence which would require a finding that the property so transferred by Karkoski was in fact worth less than the par value of the stock authorized to be issued. The jury apparently chose to believe that Mr. Karkoski would not have gratuitously transferred $20,000 worth of property to a corporation and that the property must have been transferred in payment

for the stock held on his behalf by other persons, including the defendant.

██ Plaintiff contends primarily in this court that the trial court erred in denying plaintiff's motion for judgment notwithstanding the verdict. It is noted that a motion for judgment notwithstanding the verdict could not be granted unless "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly (favored) movant that no contrary verdict based on the evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494.) Plaintiff primarily asserts that defendant never paid for the shares of stock he held with his own money or property. It is apparently the theory of plaintiff that since he did not do so, he failed to comply with the requirements of sections 17 and 18 of the Business Corporation Act of the State of Illinois which provide essentially that shares may not be issued by a corporation for less consideration than their value and that the consideration must be in money, property, or services previously performed. Plaintiff, in substance, requests that this court rule that the property transferred to the corporation by Karkoski should be ignored since such transfer was not made by defendant who in fact held the stock. Section 17 and 18 of the Business Corporation Act, however, do not require that a shareholder pay for shares issued by a corporation with his own money or property, nor have we been directed to any judicial decision which incorporates any such requirement into the legislation referred to. Since there was some evidence before the jury tending to show that the shares of stock held by defendant were paid for by Mr. Karkoski, for whose benefit the shares were asserted to have been held, the trial court properly denied plaintiff's motion for judgment notwithstanding the verdict. To hold otherwise would require this court to weigh the evidence and determine the credibility of witnesses, which clearly falls within the province of the jury. *Phillabaum v. Lake Erie and W. R.R. Co.*, 315 Ill. 131.

██ Plaintiffs only other attack upon the decision in the trial court centers around an alleged prejudicial remark made by counsel for defendant in his closing argument. The claimed remark is not transcribed and so it is not a part of the record before us. The issue has not, therefore, been properly preserved for review. *Bertrand v. Adams*, 344 Ill.App. 559.

For the reasons stated, therefore, it is apparent that the judgment of the circuit court of La Salle County was proper and should be affirmed. Such judgment is accordingly affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.