*In re* ESTATE OF EUNICE COCHRANE, Deceased.—(EDWARD DOBBECK, Ex'r of the Estate of Eunice Cochrane, Petitioner-Appellee, *v.* JUDITH MANES *et al.*, Respondents-Appellants.)

First District (4th Division)    No. 78-1139

Opinion filed May 17, 1979.—Rehearing denied June 14, 1979.

Isidore Goodman, of Chicago, for appellants.

Carr & O'Rourke Associates, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

On January 5, 1978, Edward Dobbeck, the executor of Eunice Cochrane's estate, filed a petition in the circuit court of Cook County against, among others, Judith and Howard Manes, the respondents, seeking to recover $4,500 as an alleged asset of Ms. Cochrane's estate. A citation to recover assets was issued against the respondents.

On February 6, 1978, the respondents moved to quash the citation and to dismiss the petition. The motion was granted. On March 1, 1978, the executor filed, in the same proceeding, a second petition against the respondents seeking to recover the same $4,500 as an alleged asset of Ms. Cochrane's estate. The second petition contained additional factual allegations. Again, a citation to recover assets was issued against the respondents.

The respondents moved to dismiss the second petition and to quash the citation arguing, *inter alia*, that the dismissal of the first petition was *res judicata*. The motion was denied. Following a hearing, the respondents were directed to return $4,500 to Ms. Cochrane's estate.

On this appeal, respondents contend the trial court erred in rejecting their *res judicata* defense to the executor's second petition.

We affirm the trial court.

OPINION

I

The respondents claim that the executor's first petition, which sought to recover $4,500 from them as an alleged asset of Ms. Cochrane's estate, was dismissed on the merits by the trial court. Since the executor did not move under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)) to vacate this dismissal order, the respondents urge the

order is *res judicata* and acts as a bar to the second petition seeking the same relief. We disagree.

■■ Whether the order dismissing the first petition acts as a bar to the second petition seeking the same relief depends on the basis and substance of the dismissal order and the effect of the adjudication. If the first petition was dismissed because of a technical deficiency in the factual allegations or for any reason not going to the merits of the cause of action, the dismissal would not amount to a final appealable order (*Browning v. Heritage Insurance Co.* (1974), 20 Ill. App. 3d 622, 314 N.E.2d 1) and would not bar the second petition under the doctrine of *res judicata* (see *People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 360 N.E.2d 773, *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill. App. 2d 310, 252 N.E.2d 123). The dismissal order would not have terminated the litigation between the parties since it could be avoided by a proper amendment.

■■ Conversely, if the order dismissing the first petition was based on the merits of the cause of action, and did not rest upon any matter that could be cured by an amended pleading, it would have resulted in a final and appealable order which, not having been vacated, would bar the second petition under the doctrine of *res judicata.* (See *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293; *Martin v. Masini* (1967), 90 Ill. App. 2d 348, 232 N.E.2d 770.) The rationale is that the effect, if not the form, of the dismissal order would finally fix, determine and dispose of the rights of the parties to the underlying cause of action.

■■ The trial court's order dismissing the executor's first petition does not reveal the basis on which the dismissal was granted. In an attempt to ascertain the basis as well as the effect of the dismissal order, we must resort to the pleadings and proceedings before the trial judge at the time the order was entered. See *Bernhardt v. Fritzshall* (1973), 9 Ill. App. 3d 1041, 293 N.E.2d 650.

■■ The respondents raised several grounds in their motion to dismiss the executor's first petition. Some of the grounds attacked the sufficiency of the petition's factual allegations while others, although extremely general in nature, apparently challenged the merits of the executor's cause of action. Since alternative grounds were presented, some going to a defect in form and others to substance, the respondents bear the burden of proving that the order dismissing the petition was based on the merits. (*Bissell v. Township of Spring Valley* (1888), 124 U.S. 225, 232, 31 L. Ed. 411, 414, 8 S. Ct. 495, 499; Restatement of Judgments §49, comment c (1942); 46 Am. Jur. 2d *Judgments* §610 (1969); see *People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 360 N.E.2d 773.) That burden has not been met.

The report of proceedings before the trial judge does not adequately reveal the basis of the dismissal order. If anything, a fair inference arises from those proceedings that the petition was dismissed because of a defect in the factual allegations, rather than on the merits of the executor's cause of action. This is supported by the fact that the same trial judge who had dismissed the first petition, allowed the second petition to be filed and issued a citation to recover assets against the respondents based upon that second petition.[1]

As the respondents have not met their burden of proving that the order dismissing the first petition was based on the merits, we must conclude that the second petition is not barred under the doctrine of *res judicata*.

## II

Although the respondents' brief raises a number of other contentions, we deem them to be waived. Each of these contentions consists of literally one sentence, unsupported by relevant authorities or citations to the record. (See Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7).) As the Fifth District Illinois Appellate Court stated in *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523:

> "It is difficult to say at what point a presentation to the Appellate Court is so inadequate in its compliance with the rules and the law as not to justify consideration of the parties' position, but it is clear that in this cause it is under the minimum. With respect to the preparation of a brief, the rule requiring * * * Argument of * * * points and the citation of authorities is as significant to attaining justice as is any other rule governing the filing and presentation of an appeal. Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research * * * upon the court."

Accordingly, for the reasons stated we affirm the judgment of the trial court.

Affirmed.

JOHNSON and ROMITI, JJ., concur.

---

[1] While the respondents have not cited or argued it to us on this appeal, we are aware of Supreme Court Rule 273 (Ill. Rev. Stat. 1977, ch. 110A, par. 273). Even if we were to assume (without deciding) that Rule 273 encompasses the dismissal of a petition (as opposed to an "action") on the basis of a defect in the facts alleged, this would not affect our decision. The petitioner would still retain the right to amend his petition within 30 days of the dismissal order, as was done in this case.