ROBERT WILLIAMSON, Plaintiff-Appellant, *v.* WILLIAM OPSAHL, d/b/a V & J Tap, Defendant-Appellee.

Second District    No. 79-121

Opinion filed February 5, 1981.

Joseph P. Spiezer and Carol J. Ellerby, both of Spiezer, Thorsen & Ellerby, of Rockford, for appellant.

J. Todd Kennedy, of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Robert Williamson, appeals from a judgment entered in favor of defendant, William Opsahl, d/b/a V & J Tap, in accordance with the finding of a special interrogatory that the plaintiff was contributorily negligent at the time of his injury.

In this action plaintiff had sought recovery of damages for personal injuries sustained by him on January 9, 1975, when he fell on stairs while leaving defendant's tavern premises. The complaint alleged defendant negligently failed to provide adequate lighting and guard rails on the stairs and to keep the stairs in good repair free from ice and debris. Evidence was introduced in trial that plaintiff and his friend, Richard Furman, had met in Bruno's Tavern earlier that night, then went to defendant's tavern where they remained for about an hour drinking beer. Plaintiff left by the rear door which opens on to steps, and his foot went out on him on the second step causing him to fall, severely injuring his knee. He was taken to St. Anthony Hospital in Rockford, where he remained for 17 days after undergoing surgery for the removal of a shattered patella. Plaintiff testified he saw no ice on the steps, although they were wet, nor did he see any holes or cracks in the steps or notice any debris upon them. He further testified he was not intoxicated at the time of his injury. Furman, who was following plaintiff out of the tavern, testified he did not see him fall and could not give an opinion as to plaintiff's sobriety at that time.

The evidence deposition of Dr. Donald W. Lyddon, Jr., was introduced, wherein the doctor described the treatment he had given plaintiff on the night of his injury and thereafter. In his testimony Dr. Lyddon noted that plaintiff had not been entirely cooperative when first examined and had the appearance of being intoxicated. The doctor based his opinion entirely upon a note he had made in taking plaintiff's history and he did not refer in his testimony to any independent indicia of intoxication within his recollection which may have led to this conclusion. Plaintiff's motion *in limine* directed to this portion of Dr. Lyddon's evidence deposition was denied by the trial court.

Judith Bunk, a nurse at St. Anthony Hospital, saw plaintiff in the emergency room after his injury and testified he was belligerent and disoriented. She stated that because of his condition he was unable to give

her hospital admission information; she noted a strong odor of alcohol about plaintiff and expressed her opinion that he was intoxicated.

Defendant and his wife, who were present in their tavern when plaintiff fell, testified he was intoxicated. They also stated the stairs were well lighted, in good repair and no ice was present.

The jury returned a verdict in favor of plaintiff for $7,349.31 and also by its response to the special interrogatory submitted to it found that plaintiff was contributorily negligent at the time of his injury. The trial court entered judgment on the special verdict and plaintiff appeals, contending (1) that defendant's counsel made improper argument to the jury which prejudiced plaintiff; (2) that the trial court erred in admitting opinion evidence of defendant's intoxication without a proper foundation; and (3) that judgment should not have been entered on the special interrogatory.

■■ Plaintiff's ten-line statement of facts and three-page argument give us little assistance in considering the issues he seeks to present for review. It has been held that a reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research. (*In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523; see also *Little Rock Missionary Baptist Church v. Olex* (1979), 73 Ill. App. 3d 402, 404, 392 N.E.2d 130, 132; *In re Estate of Cochrane* (1979), 72 Ill. App. 3d 812, 815, 391 N.E.2d 35, 37; *Fogel v. Hodes* (1979), 68 Ill. App. 3d 594, 600, 386 N.E.2d 389, 393.) Under such circumstances, the reviewing court may deem waived those issues which have not been sufficiently or properly presented. See *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 419, 255 N.E.2d 900, 904; *Quinn v. Larson* (1966), 77 Ill. App. 2d 240, 243, 222 N.E.2d 239, 241.

In this case, however, we decline to consider the merits of plaintiff's arguments because we have determined that his post-trial motion did not preserve them for review. In relevant part, that motion presented to the trial court the following grounds upon which it was urged that a new trial or, alternatively, judgment *n.o.v.* should be granted:

"1. The verdict against the plaintiff and in favor of the defendant is contrary to the law.

2. The verdict against the plaintiff and in favor of the defendant is contrary to the evidence.

3. The verdict against the plaintiff and in favor of the defendant is contrary to the law and the evidence.

4. The verdict is against the evidence.

5. The verdict is contrary to the preponderance of the evidence.

6. The verdict is against the manifest weight of the evidence.

7. The matters appearing on the face of the record are not sufficient in law to sustain a judgment in favor of the defendant and against the plaintiff.

8. The court erred in giving certain jury instructions.

9. The arguments of counsel were not proper in that it confused the jury and prejudiced the jury."

In its recent opinion in *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, the supreme court again reviewed the requirements of section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1 (2)) and Supreme Court Rule 366(b) (2) (iii) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(b)(2)(iii)). It noted the necessity of specifically apprising the trial court in a post-trial motion of errors relied upon so as to give the trial judge an opportunity to reconsider the correctness of his earlier rulings in the case; to permit the reviewing court to determine from the record whether the trial court had an adequate opportunity to reassess alleged erroneous rulings; and to prevent litigants from subsequently raising on appeal arguments the trial judge had no opportunity to consider. The court noted that "[t]he rule, which is not limited to questions concerning jury instructions, has the salutary effect of promoting both the accuracy of decision making and the elimination of unnecessary appeals." 83 Ill. 2d 344, 350; *cf. People v. Lenninger* (1980), 88 Ill. App. 3d 801, 410 N.E.2d 1157. See also *Wilson v. Clark* (1981), 84 Ill. 2d 186.

■■ We note, too, that in the present case plaintiff contends that defendant's counsel made improper and prejudicial arguments to the jury. The arguments were not reported, however, and are not a part of the record before us. The report of proceedings shows a brief colloquy between the court and counsel following arguments, which demonstrates only that the respective attorneys did not agree on the content of the arguments. As the record does not show the alleged error, the issue has also not been preserved for review on these grounds. *Peru Steel Erectors, Inc. v. Yirga* (1972), 8 Ill. App. 3d 997, 999, 291 N.E.2d 240, 242; *Gille v. Winnebago County Housing Authority* (1969), 104 Ill. App. 2d 470, 478, 244 N.E.2d 636, 641.

■■ We conclude that the general, nonspecific claims of error presented to the trial court by plaintiff's post-trial motion failed to preserve them for review.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.