KAISERMAN ASSOCIATES, INC.,
a Corporation, Plaintiff,

v.

FRANCIS TOWN, a political subdivision
of the State of Utah, Defendant and
Appellee.

Anthony R. Martineau, Appellant.

No. 970191

Supreme Court of Utah.

Dec. 29, 1998.

Rehearing Denied May 6, 1999.

Joseph E. Tesch, Dwayne A. Vance, Park City, for appellee.

David S. Cook, Bountiful, for appellant.

HOWE, Chief Justice:

Anthony R. Martineau, an attorney, appeals from the trial court's order imposing sanctions on him pursuant to rule 11 of the Utah Rules of Civil Procedure.[1]  The court

---

1.  Rule 11 was amended on April 1, 1997, to conform to the corresponding federal rule.  Because the trial court imposed sanctions on Marti-

neau prior to the 1997 amendment's becoming effective, all references to rule 11 in this opinion

held that Mr. Martineau, in obtaining a writ of garnishment against a bank in which defendant Francis Town had an account, had violated Utah Code Ann. § 63–30–22(2), which provides that "garnishment may not issue against a governmental entity."

### BACKGROUND

Plaintiff Kaiserman Associates, Inc., commenced this action against the Town to collect $2,496 it owed to Kaiserman for professional engineering services. The Town apparently failed to answer or otherwise respond to Kaiserman's complaint and a default judgment was entered against it. The Town moved to set the default judgment aside pursuant to Utah Rules of Civil Procedure 60(b), but the motion was denied by a written order of the court on November 25, 1996.

On November 26, 1996, Martineau obtained a writ of garnishment against the Town's bank, Key Bank of Utah, in an attempt to collect the judgment. On or about November 30, 1996, the Town mailed a check directly to Kaiserman, paying the judgment. After the check cleared, Martineau filed a satisfaction of judgment with the court. However, he neither released the garnishment nor mailed a copy of the satisfaction of the judgment to Key Bank. Thus Key Bank apparently continued to garnish the Town's funds pursuant to the writ of garnishment even after the judgment had been satisfied.

■ After the judgment was paid, the Town requested a hearing pursuant to rule 64D(h) of the Utah Rules of Civil Procedure to obtain a release of the garnishment and to impose rule 11 sanctions on Martineau. It contended that the garnishment was illegal under section 63–30–22(2) and that Martineau had failed to make a reasonable inquiry into the existing law on garnishments in violation of Utah Rule of Civil Procedure 11. Although Martineau had notice of the rule

64D hearing on the garnishment, he did not appear. The court granted the Town's motion to release the garnishment and set a hearing date on the Town's request for rule 11 sanctions. At the hearing on the request for sanctions, Martineau appeared and opposed the Town's request. He argued that he garnished the Town's bank only because the Town had failed to pay the default judgment in a timely manner. He asserted that if the Town had paid the judgment on November 15, 1996, as its attorney had promised it would do,[2] the garnishment would not have been necessary. He did not give a detailed description of his inquiry into the existing law prior to obtaining the garnishment. Although he stated in his affidavit that he had consulted the garnishment statutes and Utah Rules of Civil Procedure, he did not state which particular provisions he consulted and did not argue this fact in his written memorandum or during oral argument. He merely asserted that neither he, his co-counsel, nor another attorney he consulted with were aware of section 63–30–22(2) prior to obtaining the garnishment. The trial court imposed a $1,000 fine on him for violating rule 11 in obtaining the garnishment.

■ Martineau appeals, raising several assignments of error. However, because our review of the record before us and the provisions of rule 11 have disclosed another basis that is dispositive of this case, we do not reach those assignments of error. In his brief, Martineau states that a writ of garnishment is not a pleading subject to rule 11 sanctions, but he does not explain why this is so. The Town acknowledges that Martineau made an argument in the trial court that "a garnishment is not a pleading subject to rule 11, but is merely a collection process." Ordinarily, we would not reach this issue because Martineau has failed to adequately brief it. *See Rukavina v. Triatlantic Ventures, Inc.,*

are to rule 11 in its preamended state, unless stated otherwise.

2. Martineau claimed that during a settlement meeting on October 28, 1996, the Town's counsel agreed that he would recommend that the Town pay the outstanding judgment at its next council meeting on November 15, 1996. However, he

was later informed that payment had not been made at the November council meeting because the mayor was not present. He was also told that payment would be made either before or at the council's next meeting in the second week of December.

931 P.2d 122, 125 (Utah 1997). Nevertheless, we believe that in this instance it is necessary and proper for us to address the issue. The Washington Supreme Court has stated that "[a]n appellate court has inherent authority to consider issues which the parties have not raised if doing so is necessary to a proper decision." *Falk v. Keene Corp.*, 113 Wash.2d 645, 659, 782 P.2d 974, 982 (1989) (citations omitted); *see also Harris v. State Dep't of Labor & Indus.*, 120 Wash.2d 461, 468, 843 P.2d 1056, 1059 (1993). We agree with this statement of law.

■ In our view, an overlooked or abandoned argument should not compel an erroneous result. We should not be forced to ignore the law just because the parties have not raised or pursued obvious arguments. This is particularly so in a case like this, where the error is so obvious that we can decide the issue without briefing or argument by the parties. In light of the foregoing, we conclude that it is both necessary and proper for us to determine whether a garnishment is a "pleading, motion or other paper" subject to rule 11.

## STANDARD OF REVIEW

■ In *Barnard v. Sutliff*, 846 P.2d 1229 (Utah 1992), we adopted a standard for reviewing a trial court's rule 11 ruling. *Id.* at 1235. Under this approach, we review the trial court's determination that rule 11 has or has not been violated under a correctness standard, giving no deference to the trial court's determination but upholding the trial court's findings of fact "unless contrary to the clear weight of the evidence." *Id.* Furthermore, we use an abuse of discretion standard to review the trial court's judgment as to the appropriateness of the sanctions. *Id.*

## ANALYSIS

■ Our review of the record discloses that Martineau did not sign the writ of gar-

nishment that was issued against the Town's bank account. Rather, the only person who signed it was the deputy court clerk who issued it. This is in accordance with our rules of procedure because a writ of garnishment is issued by the court and not by the attorney. *See* Utah R. Civ. P. 64D(c). Therefore, we must decide whether rule 11 sanctions were properly imposed on Martineau even though he did not sign the writ of garnishment that was the basis of the sanctions.

In addressing this issue, we must first look at the text of rule 11:

> The *signature* of an attorney or party constitutes a certification by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading ... is *signed* in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

(Emphasis added.) The plain language of this rule states that the signature of the party or attorney on a "pleading, motion or other paper" is requisite to a court's issuance of sanctions. Therefore, we hold that it was inappropriate for the trial court to sanction Martineau under rule 11 for misconduct relating to a writ of garnishment that he did not sign.[3]

Our holding is consistent with the practice under the former federal rule 11.[4] We have

---

**3.** We note that the 1997 amendment to rule 11 now states:

(b) Representations to court. By presenting a pleading, written motion, or other paper to the court (*whether by signing, filing, submitting, or later advocating*), an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,....

(Emphasis added.) Therefore, the 1997 amendment to rule 11 apparently no longer requires the signature of the person as a precondition to sanctions. Filing the paper with the court is enough.

**4.** Rule 11 of the Federal Rules of Civil Procedure was amended in 1994. The 1994 version of

stated that "Utah's rule 11 was patterned after the federal rule 11 promulgated in 1983." *Barnard,* 846 P.2d at 1236 (citations omitted). Thus the federal law applying federal rule 11 is helpful to our own analysis in this case.

It has been explained that federal rule 11 is not a proper vehicle to impose sanctions for all attorney misconduct that occurs before and during litigation. *See* 2 James W. Moore et al., *Moore's Federal Practice* § 11.02[4] (3d ed.1997); 4 *Cyclopedia of Federal Procedure* § 14.63 (3d ed.1992); *Adduono v. World Hockey Ass'n,* 824 F.2d 617, 621 (8th Cir.1987).

In *Adduono,* the federal court of appeals reversed the trial court's order sanctioning an attorney under the preamended version of federal rule 11 for breach of a settlement agreement that he had signed in a prior case. 824 F.2d at 621. The settlement agreement itself had not been filed with the court; only a stipulation settling and dismissing the case had been filed. The court of appeals stated that "[r]ule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases." *Id.* (citations omitted). The court also made it clear that rule 11 "applies only when an attorney has signed a pleading, motion or other paper [in violation of · the rule]." *Id.* Because the settlement agreement alleged to have been breached by the attorney in *Adduono* was not filed with the court, the court of appeals concluded that "rule 11 [was] an inappropriate vehicle for reviewing and disciplining such conduct." *Id.*

Similarly, rule 11 was an inappropriate vehicle for sanctioning Martineau in this case. He did not sign the writ of garnishment that was issued by the court clerk. The only person who signed it was the deputy court clerk. Furthermore, the record is devoid of any other "pleading, motion or other paper" that he might have signed in connection with the garnishment. However, we note that rule 64D(c) of the Utah Rules of Civil Procedure provides:

> After the entry of a judgment or other order requiring the payment of money, the clerk of any court from which execution thereon may be issued shall issue a writ or writs of garnishment ... upon the *filing of an application by the plaintiff:* (i) identifying the person sought to be charged as a garnishee; (ii) stating whether such property consists in whole or in part of earnings from personal services ...; and (iii) stating the remaining amount due on the judgment.

(Emphasis added.) Notwithstanding this rule, we cannot find such an application in the record of this case. No mention or reference to an application was made by the parties in the trial court or by that court. This being so, we must presume that the writ of garnishment was issued even though Martineau did not sign and file an application for the same with the court. We need not and do not express any opinion whether an attorney's signature on an application would come within the purview of rule 11 as it was constituted at the time the garnishment here was issued.

## CONCLUSION

Because it is not evident from the record that Martineau signed any "pleading, motion or other paper" in connection with the writ of garnishment, we hold that it was error for the trial court to impose rule 11 sanctions on him for misconduct relating to the garnishment. We also hold that under the circumstances, our review of this issue is appropriate even though it was not briefed by the parties. Accordingly, the judgment of the trial court imposing rule 11 sanctions on Martineau is reversed. However, because of the failure of Martineau to pursue and develop the dispositive issue in this case, we conclude that he should pay a reasonable attorney fee to the Town for its appearance on this appeal. Thus we remand this case to

federal rule 11 is substantially the same as the 1997 version of Utah rule 11. Likewise, the preamended version of federal rule 11 was substantially the same as the preamended version of Utah rule 11.

the trial court to fix a reasonable attorney fee.

Associate Chief Justice DURHAM, Justice STEWART, and Justice RUSSON concur in Chief Justice HOWE's opinion.

ZIMMERMAN, Justice, dissenting:

Because I disagree with the lengths to which the majority goes to rescue Mr. Martineau from this second documented instance of sloppy legal work in this case, I dissent.

This case is before us only because Mr. Martineau failed to do even minimal legal research before garnishing Francis Town's assets. If one simply looks in the index to the Utah Code Ann. under "Garnishment," one comes to the subheading "Governmental immunity." Beneath that entry it states, "Governmental entities exempt from, § 63–30–22." Even without looking to the actual statute, basic legal research illustrates that governmental entities are exempt from garnishment proceedings. It may be the case, as Mr. Martineau argues, that the governmental immunity from garnishment is little-known. This is especially true for attorneys who have done no research, and as the majority acknowledges, the fact that the statute is not common knowledge is no excuse for failing to conduct the basic research which would reveal its existence.

Seeking to undo the sanctions imposed for this shoddy work, Mr. Martineau filed a brief with this court in which he states that a garnishment is not a pleading subject to rule 11 sanctions. Having said that, he fails to provide argument or research to support the contention. Nonetheless, the majority culls this one statement from the brief, does the rather elementary research needed to determine that it is a correct statement of the law, and proceeds to make it the basis for its decision. The court justifies doing Mr. Martineau's work for him by stating that "[i]n our view, an overlooked or abandoned argument should not compel an erroneous result. We should not be forced to ignore the law just because the parties have not raised or pursued obvious arguments." I believe that this is not a correct statement of our usual practice, and I see no justification for abandoning our usual practice in this case.

We regularly decline to do precisely what the majority does in this case. For example, in *American Towers Owners Ass'n, Inc. v. CCI Mechanical Inc.*, 930 P.2d 1182 (Utah 1996), Justice Howe himself stated: "Issues not briefed by an appellant are deemed waived and abandoned." *Id.* at 1185 n. 5 (citing *Pixton v. State Farm Mut. Auto. Ins. Co.*, 809 P.2d 746, 751 (Utah Ct.App.1991)). In *Walker v. U.S. Gen., Inc.*, 916 P.2d 903, 908 (Utah 1996), we stated: "Inasmuch as [appellant] has failed to properly brief this argument, we decline to address its merits. . . . 'A brief must contain some support for each contention.' [Appellant's] briefs wholly fail to cite to the record or a single case in support of this contention. We therefore do not address it." *Id.* at 908 (quoting *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989)). Furthermore, as we stated in *State v. Bishop*, 753 P.2d 439 (Utah 1988), a "reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research." *Id.* at 450 (quoting *Williamson v. Opsahl*, 92 Ill.App.3d 1087, 48 Ill.Dec. 510, 416 N.E.2d 783, 784 (1981)).

Our cases do not suggest that we follow this practice only when the unbriefed argument is not obvious. In fact, in my opinion, we should follow it even more strictly where the argument is obvious, as the failure to brief the issue most likely illustrates that the attorney has failed to perform basic legal research. That makes particular sense here, where the client and the attorney are one and no harm will befall an innocent third party.

Thus, while I agree that under the old version of rule 11 the district court erred in imposing sanctions (although it could impose them under the current rule), I do not believe there are any compelling circumstances here which should lead us to depart from the well-established principle that we will not address, or base a decision on, issues which have not been adequately briefed. The majority's discussion of the old rule 11 is cor-

rect. But I would not give Mr. Martineau the benefit of it.