2009 UT App 298

**Brian M. BARNARD, Appellant,**

v.

**Cindi MANSELL, Ogden City Recorder; and Gary Williams, Ogden City Attorney, Appellees.**

No. 20080752–CA.

Court of Appeals of Utah.

Oct. 22, 2009.

Brian M. Barnard, Salt Lake City, Appellant Pro Se.

Stanley J. Preston and David Jason Hawkins, Salt Lake City, for Appellees.

Before Judges GREENWOOD, ORME, and McHUGH.

MEMORANDUM DECISION

ORME, Judge:

¶ 1 Attorney Brian M. Barnard appeals the district court's order imposing rule 11 sanctions against him. *See generally* Utah R. Civ. P. 11. Because the Ogden City Recorder and the Ogden City Attorney (collectively, the City) failed to strictly comply with the

procedural requirements outlined in rule 11, we reverse the order imposing sanctions.

¶ 2 On October 1, 2007, Barnard filed a complaint seeking an extraordinary writ and other relief on behalf of a group of Ogden citizens in connection with a municipal election. After a hearing on October 23, the district court decided to dismiss the complaint in that action and determined "it was frivolous and had been filed in bad faith." The court awarded the City over $14,000 in attorney fees and costs pursuant to Utah Code section 78–27–56. *See* Utah Code Ann. § 78–27–56 (2002) (current version renumbered and codified as Utah Code Ann. § 78B–5–825 (2008)). That ruling was not challenged on appeal by the plaintiffs in that action and, indeed, the judgment has been satisfied.

¶ 3 About five months after the court granted the motion to dismiss, the City filed a motion requesting rule 11 sanctions against Barnard. The court determined that rule 11 sanctions were warranted against Barnard because the complaint "was filed for an improper purpose," and it subsequently imposed a sanction of $10,000. Over Barnard's objections, the court also determined that the warning letter previously sent by the City to Barnard on October 11, 2007, "substantially complie[d] with the requirements of Rule 11[ (c)(1)(A) ]." The City had sent the warning letter twelve days before the court granted the motion to dismiss. The letter stated:

Pursuant to Rule 11 of the Utah Rules of Civil Procedure we hereby provide notice that we intend to file a motion for sanctions against you and the Utah Legal Clinic, Inc. The position being advocated by your clients in the above-referenced case is not supported by the relevant facts or applicable law, and appears to be aimed at improperly influencing the outcome of the upcoming mayoral election. The frivolous nature of the lawsuit is demonstrated by the Motion to Dismiss, Motion for Attorney's Fees and Costs and the consolidated supporting memorandum that we have filed with the Court, which had to be

filed immediately given the expedited relief sought by your clients. We will hold off filing a formal Rule 11 motion until expiration of the 21 days safe harbor deadline. If the Complaint has not been voluntarily withdrawn before then, we will proceed to file our Rule 11 motion.

No formal motion for rule 11 sanctions was enclosed with the letter or served on Barnard at the time the letter was delivered.

■ ¶ 4 On appeal, we address only the narrow legal issue of whether rule 11's requirement that a motion be sent to opposing counsel at least twenty-one days before the motion is filed with the court is mandatory and must be strictly complied with. We review a district court's legal interpretation of rule 11 for correctness. *See Crank v. Utah Judicial Council*, 2001 UT 8, ¶ 32, 20 P.3d 307; *Barnard v. Sutliff*, 846 P.2d 1229, 1233–35 (Utah 1992).

■ ¶ 5 The City argues that technical noncompliance should not preclude sanctions if it "substantially complied with the safe-harbor" procedures required by rule 11. The City also asserts that its warning letter satisfied the substantial compliance standard. We disagree.

¶ 6 Rule 11 of the Utah Rules of Civil Procedure states, in relevant part, that sanctions are warranted "[i]f, after notice and a reasonable opportunity to respond, the court determines that" a representation was made to the court "for any improper purpose" or that was not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Utah R. Civ. P. 11(c), (b)(1), (b)(2). The rule continues:

A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It *shall* be served as provided in Rule 5, but *shall not* be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe),[1

---

**1.** It is unnecessary for us to decide, and we express no definitive opinion on, whether the twenty-one-day requirement must itself be strict-

ly complied with. It seems logical, however, that the twenty-one-day requirement may have to give way if the circumstances of the case so dictate,

] the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

*Id.* R. 11(c)(1)(A) (emphasis added).

¶ 7 Given the terms of rule 11 and the use of the mandatory word "shall," we conclude that the movant must strictly comply with rule 11's requirement that the rule 11 motion be served on opposing counsel as a precondition to filing the motion with the court.[2] *See State v. Wallace,* 2006 UT 86, ¶ 10, 150 P.3d 540 (describing the word "shall" as compulsory and the word "may" as permissive). The reason for strict compliance is twofold.

¶ 8 First, mere correspondence is no substitute for a formal motion. The author of a letter, as opposed to the author of a rule 11 motion to be filed in court, is not bound by rule 11 and its requirements, *see* Utah R. Civ. P. 11(b), and thus may feel less compulsion to write with caution and circumspection. *See* Fed.R.Civ.P. 11 advisory committee notes to 1993 amendments ("The rule applies only to assertions contained in papers filed with or submitted to the court."); *Kaiserman Assocs., Inc. v. Francis Town,* 977 P.2d 462, 464–65 (Utah 1998) (reversing rule 11 sanctions against an attorney because the attorney had not "signed any 'pleading, motion or other paper' in connection with" issuance of writ of garnishment). A rule 11 motion must be signed by an attorney, *see* Utah R. Civ. P. 11(a)(1), who certifies that, among other things, the motion is not being filed "for any improper purpose," *id.* R. 11(b)(1). *See* Fed.R.Civ.P. 11 advisory committee notes to 1993 amendments ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions."). The formalities associated with a rule 11 motion encourage only well-taken, well-supported requests for sanctions and discourage the casual use of threats to seek rule 11 sanctions as a litigation tactic. The federal advisory committee discussed the importance of serving an actual rule 11 motion: "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the [rule] provides that the 'safe harbor' period begins to run only upon service of the motion." *Id.*[3]

¶ 9 Second, strict compliance is required because, unlike a letter or other less formal mode of communication, a motion and memorandum would set forth, in detail, the facts and legal arguments that the party requesting sanctions relied on in determining that rule 11 had been violated. *See* Utah R. Civ. P. 11(c)(1)(A) (requiring the motion to "describe the specific conduct alleged to violate" the rule). Such a detailed and formal exposition gives the allegedly offending attorney a fully informed "last clear chance" to make a decision about withdrawing the offending document.

¶ 10 The City suggests on appeal that the district court had "inherent equitable powers," aside from rule 11, to impose monetary sanctions against Barnard. The City seems to argue that because the district court had such power, we can affirm the sanctions on that basis. *See generally Salt Lake County v. Metro W. Ready Mix, Inc.,* 2004 UT 23, ¶ 21, 89 P.3d 155 (" '[A]n appellate court may affirm a trial court's ruling on any proper grounds, even though the trial court relied on some other ground.' ") (citation omitted). However, the City's argument does not work here because, although the court had the discretionary authority to exer-

---

as arguably happened here with dismissal of the complaint coming twenty-two days after it was filed. And of course, the language of the rule expressly contemplates that the court may vary the time period from the twenty-one days prescribed in the rule. *See* Utah R. Civ. P. 11(c)(1)(A).

**2.** This interpretation of the rule is consistent with the majority view. *See* 5A Wright & Miller, *Federal Practice and Procedure: Civil* 3d § 1337.2, at 723 (2004) ("[A] failure to comply with [rule 11's procedural requirements] will result in the rejection of the motion for sanctions[,] as many cases

since the 1993 amendment have stated or held.") (footnote omitted).

**3.** At the same time, the federal advisory committee validated the professionalism reflected in a graduated response by the movant: "In most cases, ... counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Fed.R.Civ.P. 11 advisory committee notes to 1993 amendments.

cise its inherent powers in awarding sanctions, *see Griffith v. Griffith*, 1999 UT 78, ¶¶ 12, 14, 985 P.2d 255 (affirming sanctions under the district court's inherent power rather than rule 11), it specifically declined to employ its inherent authority in imposing sanctions. *Cf. Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998) ("[T]he fact that a district court has exercised its discretion to award sanctions on motion of a party does not necessarily mean that the court would exercise its discretion to impose sanctions on its own motion for the same conduct."). It would extend the doctrine of affirming on any proper ground too far if we were to affirm a judgment we otherwise would not simply because the trial court could have exercised its inherent power in a way other than it did. In any event, the trial court's explicit rejection of inherent power as a basis for its award of sanctions in this case forecloses us from affirming on that ground.

¶ 11 In conclusion, because the City did not strictly comply with the requirement that an actual rule 11 motion be served before it is filed with the court, the sanction imposed against Barnard was improper. Accordingly, the order imposing sanctions is reversed.[4]

¶ 12 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and CAROLYN B. McHUGH, Judge.

---

4. The City's request for attorney fees on appeal is of course denied because it is not the prevailing party on appeal. *See Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998).