249 P.3d 570 (2011)
2011 UT App 49
Jay SLAUGHTER and Kathy Slaughter, Plaintiffs and Appellants,
v.
Leo ANDERSON dba Complete Landscape and Sprinkler, Defendant and Appellee.
No. 20100037-CA.
Court of Appeals of Utah.
February 17, 2011.
Alvin R. Lundgren, Mountain Green, for Appellant.
Jan N. Allred, Salt Lake City, for Appellee.
*571 Before Judges THORNE, VOROS, and ROTH.

MEMORANDUM DECISION
VOROS, Judge:
¶ 1 Homeowners Jay and Kathy Slaughter sued Leo Anderson, their landscaper, for breach of contract, breach of the covenant of good faith and fair dealing, and infliction of emotional distress. Eight months into the litigation, Anderson filed a motion to dismiss for failure to prosecute citing multiple grounds, including that the Slaughters had failed to provide initial disclosures as required by rule 26(a)(1) of the Utah Rules of Civil Procedure. During a telephone hearing on the motion, the trial court gave the Slaughters ten days to file their initial disclosures and stated that, upon failure to do so, their case would be dismissed with prejudice. The Slaughters' counsel stipulated to this arrangement. Nevertheless, the Slaughters did not comply. As a consequence, the trial court dismissed their complaint with prejudice for failure to prosecute. The Slaughters appeal. We affirm on the ground that the Slaughters' appeal is inadequately briefed. See generally Utah R.App. P. 24(a) (setting forth briefing requirements).
¶ 2 Under rule 24, the appellant's brief must include a statement of the case indicating briefly the nature of the case, the course of proceedings, and a statement of the facts relevant to the issues presented for review. Utah R.App. P. 24(a)(7). All references to the proceedings below must be supported by citations to pages of the original record as paginated by the clerk of the trial court. See id. 24(a)(7), 24(e), 11(b). While the Slaughters' brief does contain a minimal summary of the course of proceedings below and a few facts, it contains no citations to the record on appeal as required by the rule.
¶ 3 Under rule 24, the brief must also include an argument containing the contentions and reasons of the appellant with respect to the issues presented, including citations to the parts of the record relied on. See id. R. 24(a)(9). Due to the nature of the Slaughters' contentions on appeal, their argument refers throughout to the proceedings below. Again, however, it contains no citations to the parts of the record relied on. This omission is striking because the Slaughters accuse Anderson of having unclean hands and even of acting in bad faith in the trial court. Indeed, central to the Slaughters' argument on appeal is that Anderson failed to respond to their discovery requests. Anderson respondsappropriately citing to the recordthat until reading the Slaughters' opening brief, he had been unaware that they claimed to have served any discovery requests on him.[1] Despite this challenge, the Slaughters' reply brief, like their opening brief, contains no citations to the record.
¶ 4 Scouring the record for facts to support an appellant's position is the role of the appellant, not the appellate court. A reviewing court "`is not simply a depository in which the appealing party may dump the burden of argument and research.'" State v. Bishop, 753 P.2d 439, 450 (Utah 1988) (quoting Williamson v. Opsahl, 92 Ill.App.3d 1087, 48 Ill.Dec. 510, 416 N.E.2d 783, 784 (1981)). Consequently, "we may refuse, sua sponte, to consider inadequately briefed issues." State v. Lee, 2006 UT 5, ¶ 22, 128 P.3d 1179 (citing Utah R.App. P. 24(j)). We do so here.
¶ 5 We affirm on the ground that the Slaughters' brief is inadequate to permit us to consider the merits of their appellate claims.[2]
¶ 6 WE CONCUR: WILLIAM A. THORNE JR., and STEPHEN L. ROTH, Judges.
NOTES
[1] We commend Anderson's counsel for the brief filed on his behalf in this appeal. It is professional in both tone and content.
[2] Nothing in the Slaughters' briefing suggests that we would be likely to reverse even if we were to reach the merits of their claim. For example, they contend that their discovery responses substantially satisfied the requirement of initial disclosures. In support of this contention, they point to two of their discovery responses. Neither is helpful. One is a document that merely directs Anderson to the Slaughters' initial disclosures. The other is a set of unsigned interrogatory answers.