**2022 UT App 31**

# THE UTAH COURT OF APPEALS

BRETT ERROR,
Appellee,
*v.*
MICHAEL J. BENAROYA AND BD&P COMPANY LLC,
Appellants.

Opinion
No. 20200688-CA
Filed March 10, 2022

Fourth District Court, Provo Department
The Honorable James R. Taylor
No. 200400136

Jordan K. Cameron and David L. Arrington,
Attorneys for Appellants

Barry N. Johnson and Joshua L. Lee,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 Michael J. Benaroya and BD&P Company LLC (collectively, Borrowers) borrowed money from Brett Error (Lender). When Borrowers failed to repay the loan, Lender filed an action to collect. Thereafter, Lender filed a motion for summary judgment, seeking repayment of the loan plus compound interest on the outstanding balance. In response, Borrowers agreed that Lender was owed the principal balance of the loan and some interest. However, they argued Lender was entitled to simple interest only. Under the terms of the loan, the difference between the two interest calculations is nearly $4 million. The district court agreed with Lender and granted his

motion. We reverse and conclude that Lender is entitled to recover only simple interest.

BACKGROUND

¶2    On June 18, 2014, Lender and Borrowers entered into a Memorandum Loan Agreement (the Memorandum), Secured Promissory Note (the Note), and Security Agreement (collectively, the Loan Documents). Under the Loan Documents, Lender provided $1 million to Borrowers. Borrowers agreed to repay the loan principal, together with loan fees totaling $75,000 (collectively, the Repayment Amount), no later than September 26, 2014 (the Maturity Date). The Memorandum further provided, "After the Maturity Date, the 'Default Rate' shall be 2.75% per month on the principal plus Loan Fee, *pro rata* for any partial months." Likewise, the Note provided that in the event Borrowers failed to repay the entire Repayment Amount by the Maturity Date, "interest shall begin to accrue on any outstanding balance at a rate of 2.75% per month, *pro rata* for any partial months."

¶3    Borrowers did not pay any of the Repayment Amount by the Maturity Date. Consequently, Lender filed suit against Borrowers for breach of contract, seeking damages for the Repayment Amount plus 2.75% monthly compounding interest on any outstanding balance. Borrowers responded with a Motion to Dismiss or Alternatively to Strike, arguing Lender's claims were based "on an improper interest calculation." Specifically, Borrowers argued the interest provisions in the Loan Documents provided for only simple interest, rather than compound interest, and that Lender's interpretation "contradicts the plain terms" of the Loan Documents. Thereafter, Lender moved for summary judgment on the grounds there was no dispute that Borrowers had not repaid the Repayment Amount. In addition, Lender again asserted that per the "plain language"

of the Note, he was entitled to the Repayment Amount plus monthly compound interest on any outstanding balance.

¶4 The district court heard argument on all pending motions. At the close of argument, the court granted Lender's motion, reasoning the Note was not ambiguous and that it called for compound interest. The court's ruling was later reduced to a written order, and judgment was entered against Borrowers in the amount of $7,180,201.01. Of that, $1,075,000 was the Repayment Amount and $6,105,201.01 was interest accruing from the Maturity Date through July 26, 2020. In addition, the court ordered that compound interest shall accrue on any outstanding balance of the judgment at a rate of 2.75% per month. Thereafter, the court issued a separate order awarding Lender attorney fees and costs on the grounds that Lender "prevailed on his claims against [Borrowers]" and that the Loan Documents "specifically provided for the award of attorney's fees to the prevailing party in the event of litigation."

## ISSUE AND STANDARD OF REVIEW

¶5 Borrowers now appeal and argue the district court erred in granting summary judgment in favor of Lender, asserting the court incorrectly determined the Note calls for compound interest.[1] We review a district court's ruling on summary judgment for correctness. *See Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600; *see also Mind & Motion Utah Invs., LLC v. Celtic Bank Corp.*, 2016 UT 6, ¶ 15, 367 P.3d 994 ("The interpretation of a

---

1. Alternatively, Borrowers argue the district court erred (1) by failing to conclude the interest provision in the Note was ambiguous and (2) by failing to consider extrinsic evidence to resolve the ambiguity. Due to our resolution of Borrowers' main argument, we need not address either of these alternative arguments.

contract is [a] legal question, which we . . . review for correctness.").

ANALYSIS

¶6 Borrowers and Lender both agree that Lender is entitled to the Repayment Amount. The parties disagree, however, as to the calculation of interest on that amount. In relevant part, the disputed provision of the Note states, "Should [Borrowers] fail to fully pay the Repayment Amount by the Maturity Date, interest shall begin to accrue on any outstanding balance at a rate of 2.75% per month . . . ." Interpreting this provision according to its "plain and ordinary meaning," the district court concluded the Note "unambiguously calls for compound interest." Borrowers challenge that conclusion, contending it was in error because the Note does not contain terms creating an "express agreement" for compound interest and that in Utah, "[w]ithout an express agreement, interest can only be simple."

¶7 Simple interest is "[i]nterest paid on the principal only and not on accumulated interest." *Simple interest*, Black's Law Dictionary (11th ed. 2019). Put differently, simple interest does not merge with the principal, and thus "[i]nterest accrues only on the principal balance." *Id.* In contrast, "compound interest means interest on interest, in that accrued interest is added periodically to the principal, and interest is computed upon the new principal thus formed." *Brady v. Park*, 2013 UT App 97, ¶ 16, 302 P.3d 1220 (quotation simplified).

¶8 "The issue of compound interest is well settled in Utah." *Christensen v. Munns*, 812 P.2d 69, 71 (Utah Ct. App. 1991). "Compound interest is not favored by the law." *Brady*, 2013 UT App 97, ¶ 17 (quoting *Watkins & Faber v. Whiteley*, 592 P.2d 613, 616 (Utah 1979) (per curiam)); *see also City of Hildale v. Cooke*, 2001 UT 56, ¶ 36, 28 P.3d 697; *Christensen*, 812 P.2d at 71; *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555 (Utah Ct. App. 1989).

Accordingly, an award of compound interest will be upheld "only where the parties expressly agreed to compound interest" by the terms of the contract. *Brady*, 2013 UT App 97, ¶ 17 (quotation simplified). Moreover, when the terms of the contract are ambiguous about the application of compound interest, such ambiguity necessarily "falls short of an express agreement," *see id.* ¶ 20, and necessarily means, as a matter of law, that the contract provides for only simple interest, *see Curry v. Moody*, 40 Cal. App. 4th 1547, 1553–54 (1995) ("[A]s a matter of law an ambiguous contract cannot be construed to provide for compound interest.").

¶9      In *Brady v. Park*, 2013 UT App 97, 302 P.3d 1220, this court addressed whether the terms of a contract expressly called for compound interest. There, the district court ruled the contract "unambiguously" provided for compound interest, reasoning that the clause requiring interest on "the entire balance" "includ[ed] principal and accrued interest." *Id.* ¶¶ 3, 7 (quotation simplified). But this court disagreed, holding that the plain language of the contract did "not expressly call for compound interest." *Id.* ¶ 19. It explained,

> [T]he [contract] does not employ the term compound interest, a settled term of art. Furthermore, it does not describe compound interest. It does not refer to the payment of interest on both the principal and the previously accumulated interest; it does not provide that accrued interest is added periodically to the principal and that interest is computed upon the new principal thus formed; and it does not indicate that unpaid interest is itself subject to an interest charge.

*Id.* (quotation simplified). The court also reasoned that compound interest was not proper because the contract was

ambiguous. The court explained the phrase "entire balance" could reasonably mean "both principal and unpaid accrued interest" *or* simply "the entire principal balance." *Id.* ¶ 20 (quotation simplified). Thus, the meaning of the phrase was left "to inference and implication," which caused the contract to "fall[] short of an express agreement for compound interest." *Id.*

¶10 Here, the district court's conclusion that the Note calls for compound interest is at odds with *Brady* and contrary to the general rule that compound interest is disfavored by the law. As in *Brady*, the Note does not expressly provide for compound interest. First, the Note does not "employ the term compound interest," nor does it use terms that clearly describe compound interest. *See id.* ¶ 19 (quotation simplified). Second, the Note is ambiguous because the phrase "any outstanding balance" is capable of more than one reasonable interpretation.[2] *See id.* ¶ 20. We need not apply the well-settled rules of contract construction—i.e. looking to extrinsic evidence to determine the intentions of the parties, *see WebBank v. American Gen. Annuity Service Corp.*, 2002 UT 88, ¶ 19, 54 P.3d 1139—to the Note, because an agreement that does not unambiguously provide for compound interest can provide only for simple interest, *see Brady*, 2013 UT App 97, ¶ 20.

¶11 In sum, we agree with Borrowers that the Note contemplates simple interest only.[3]

---

2. Indeed, during oral argument Lender's counsel conceded the phrase could be reasonably interpreted in more than one way.

3. Because we reverse the court's grant of summary judgment, we also vacate the court's fee award to Lender as the "prevailing party." We remand for the court to redetermine which party is

(continued…)

CONCLUSION

¶12 Because the Note did not expressly provide for compound interest, Lender is entitled to recover only simple interest on the Repayment Amount. We therefore reverse the district court's grant of summary judgment in favor of Lender and vacate the district court's $7 million judgment in Lender's favor. We also vacate the district court's award of attorney fees to Lender as the prevailing party. We remand with instructions for the district court to enter judgment in Lender's favor in an amount reflecting recovery of only simple interest and for the court to reassess its fee award in light of our opinion.

———————

(…continued)
the prevailing party and to allocate an award of attorney fees consistent with that determination.