**Galen CHRISTENSEN, Plaintiff and Appellee,**

v.

**Mack A. MUNNS, Gregory C. Marble, Dee M. Marble, Boyd Marble, Randy Marble, and Cheryl Marble, Defendants and Appellants.**

No. 900233–CA.

Court of Appeals of Utah.

May 15, 1991.

Jack H. Molgard, Brigham City, for defendants and appellants.

Steven C. Vanderlinden, Vanderlinden & Colton, Layton, for plaintiff and appellee.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Appellants appeal from a judgment on a promissory note awarding appellee principal, compound interest, and attorney fees. We reverse and remand on the interest issue and decline to reach the issues of failure of consideration and attorney fees.

## FACTS

The facts which are material to this appeal are not disputed. Appellants made, executed and delivered to appellee a document prepared by typing information on a preprinted promissory note form. The printed language on the form contained standard note provisions. The document was dated March 26, 1981 and stated that for value received the appellants agreed to pay appellee $8,200 principal. The blank for the interest rate was filled in "prime + 3" until maturity. A blank space to indicate the rate of interest after maturity was left blank. The printed words provided for "reasonable attorney's fees," if not paid at maturity. At the lower left margin (under the printed form and opposite the signatures) the following was typed:

1978 Fruehauf trailer s/n FW2263501

Due: August 15, 1981—$3,000.00

Due: October 15, 1981—Balance + interest

Appellee delivered possession of the Fruehauf trailer to appellants the same day the note was delivered. Appellee had not delivered the certificate of title for the trailer to appellants at time of trial. Appellants paid to appellee $3,000 on September 4, 1981. No payments were made during 1982, five payments were made in 1983 and one payment in 1984. Appellee filed suit to collect the unpaid balance due on the note, lawful interest and attorney fees. The matter was set for trial June 26, 1989. The court awarded judgment in appellee's favor.

## ISSUES

Appellants have raised three issues: (1) whether the trial court erred, as a matter of law, in awarding compound interest; (2) whether the trial court erred, as a matter of law, in denying appellants' defense of failure of consideration for the note based on appellee's failure to deliver the certificate of title to the Fruehauf trailer; and (3) whether the evidence was insufficient to support the findings which awarded attorney fees to appellee.

## STANDARD OF REVIEW

Appellants' issues regarding interest and consideration challenge conclusions of law to which we accord no particular deference but review for correctness. *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1039 (Utah 1989); *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985); Utah R.Civ.P. 52(c).

## COMPOUND INTEREST

The trial court found that appellant "defaulted on the payment of said promissory note," i.e., the principal and interest which was due on October 15, 1981. The court further ruled that the "promissory note does provide for compounded [sic] interest." The court requested counsel to make the necessary compound interest calculations, including credit for the cash payments appellants had made. Counsel submitted the required computations resulting in a balance on the date of trial of

$5,172.16. Judgment was awarded for that amount. Appellants challenge as erroneous the award of compound interest. The only evidence concerning the parties' agreement for interest appears on the face of the note. The trial court did not find the interest provisions on the note to be ambiguous nor do we. Thus, we need not defer to the trial court's legal conclusion that the note required payment of compound interest. We will review that ruling for correctness. *Copper State Leasing Co. v. Blacker Appliance & Furniture Co.*, 770 P.2d 88, 90 (Utah 1988) (when a contract is unambiguous, its interpretation is a question of law); *Kimball v. Campbell*, 699 P.2d 714, 716 (Utah 1985) (if a trial court interprets a contract as a matter of law, we accord its construction no particular weight, reviewing its action under a correctness standard).

The trial court did not identify any words on the note providing for compounding of interest nor do we see any. The note provides for interest on the principal amount "at the rate of prime +3 per cent per annum (interest computed on the basis of 360 day year and actual days elapsed)" payable at maturity. That language provides for simple interest to accrue on the principal at a variable rate until maturity. The typed language at the bottom states that the maturity or due date for both principal and accrued interest is October 15, 1981. The trial court failed to distinguish between interest on an overdue installment of interest and compound interest. As one compiler has noted, courts in past cases have been confused by failing to recognize this distinction:

> Many courts have referred to simple interest upon the installments of interest as compound interest. This seems to be a confusion of terms. In compounding interest each installment of interest is, on the date it becomes due, added to the principal and itself becomes principal, and this is repeated as each installment falls due, while in allowing simple interest upon each installment of interest from the time it falls due until it is paid,—or, as it is sometimes called, annual interest,—there is no compounding in

the true sense. These terms, although their use as above stated, is confusing, have necessarily been used herein unless from the context the kind of interest to which the courts had reference is apparent. It may be that the general disinclination of the courts to allow compound interest is, because of this confusion, responsible in some cases for disallowing what is not compound interest.

Annotation, *Right to interest on overdue installments of interest, in absence of provision therefor*, 27 A.L.R. 81 (1923).

The issue of compound interest is well settled in Utah. The issue of interest computations and rates was considered in *Jensen v. Lichtenstein*, 45 Utah 320, 145 P. 1036 (1915), a case cited by both parties. *Jensen* involved the foreclosure of a mortgage to enforce payment of a note. The pertinent provision in the note was the promise to pay interest "quarter-yearly." Here, appellants made the same type of promise, i.e., to pay interest on October 15, 1981, a date certain. In *Jensen*, the supreme court analyzed the effect of that promise as follows:

> Defendants had promised to pay the interest quarterly. There thus fell due at the end of each quarter the sum of $175 as interest. This amount was owing from defendants to the plaintiff at the end of each quarter after the 6th day of December, 1910, when the last interest was paid as found by the court. If defendants had paid plaintiff the interest when due, he could have reloaned it to them, or could have loaned it to any one else, and could have contracted for any rate of interest not exceeding 12 per cent per annum.... The plaintiff therefore was as much entitled to interest upon the unpaid interest as though it had been paid to him when due and he had reloaned it, and, in view that no rate was agreed upon, the legal rate of 8 per cent applied. The court therefore should have awarded plaintiff 8 per cent, interest per annum upon each quarterly installment of interest amounting to $175 from the time it became due until the principal and interest were merged into

judgment, to wit, to the 28th day of January, 1914. *Id.,* 145 P. at 1041. Here, the trial court's award of compound interest was contrary to the *Jensen* rationale and holding. *See also Farnworth v. Jensen,* 117 Utah 494, 217 P.2d 571, 576–77 (1950). Appellee contends that *Watkins & Faber v. Whiteley,* 592 P.2d 613 (Utah 1979) supports the award of compound interest in this case. We disagree. In *Watkins,* there was no promise to pay interest at a particular time. Here, there was a promise to pay interest at a specific time, i.e., October 15, 1981. Moreover, *Watkins* is on point where it states that "[c]ompound interest is not favored by the law." *Id.* at 616 (citations omitted). We think our opinion in *Mountain States Broadcasting Co. v. Neale,* 783 P.2d 551 (Utah Ct.App.1989) is more on point. There, we concluded that the award of compound interest "can be affirmed only if we conclude the parties expressly agreed to compound interest by the terms of the above provision." *Id.* at 555. Here, as in that case, we observe that the note does not implicitly or explicitly provide that interest on unpaid principal or interest should be compounded. The note sued upon in that case provided:

> This Note shall bear interest upon the *unpaid principal* balance hereof from the date hereof *until paid,* at a rate of ten percent (10%) per annum. Should *interest* not be paid *when due,* it shall thereafter bear *like interest as the principal.*

*Id.* (Emphasis added). That language specifies that principal will bear ten percent interest per annum from date "until paid" and that past due interest will bear interest at the same rate. Interest was awarded as the parties agreed, i.e., ten percent on principal and interest until paid, no compounding. Here, the note specifies that principal will bear interest at prime + 3 *until maturity,* not until paid. Further, no interest rate was specified after maturity even though the printed form called for insertion of the rate. Thus, as to principal, the parties agreed on a rate of interest *to*

*maturity* (prime +3). Accordingly, the trial court erred as a matter of law in ordering the award of compound interest rather than simple interest.[1] We remand to the trial court to recalculate the balance owing on the note (including credit for the payments which were made before and after maturity). Consistent with this opinion, simple interest should be applied to the total of unpaid interest and unpaid principal from the maturity date of October 15, 1991.

### FAILURE OF CONSIDERATION

The trial court ruled that the appellants agreed to pay $8,200 (evidenced by the note) to appellee and appellee agreed in turn to give appellants a 1978 Fruehauf trailer. Although appellants immediately received the trailer, they claim total failure of consideration for their note because the certificate of title to the trailer was not delivered. Appellants do not contend that they have not had the possession and use of the trailer since March 26, 1981, the date of their note.

■ Appellants' brief contains less than a single page of assertions on this point and no citations to the record, no legal authorities and no analysis whatsoever. Their brief is not in compliance with our rules which require the brief of the appellant to contain an argument. "The argument shall contain the contentions and reasons of the appellant with respect to the issues presented with citations to the authorities, statutes and parts of the record relied on." Utah R.App.P. 24(a)(9). Thus, we decline to address this issue and assume the correctness of the judgment below. *Koulis v. Standard Oil Co. of Cal.,* 746 P.2d 1182, 1184–85 (Utah Ct.App.1987). *See also Demetropoulos v. Vreeken,* 754 P.2d 960, 965 (Utah Ct.App.) (Jackson, concurring), *cert. denied by Rone v. Demetropoulos,* 765 P.2d 1278 (Utah 1988).

### COMPLIANCE WITH APPELLATE RULES

■ Appellants' brief contains three sentences regarding this issue with no cita-

---

1. Appellant appealed on the narrow issue of compound interest only and did not otherwise challenge the interest award, the computations

or applicable rates. Thus, we cannot reach these matters on appeal.

tions to the record, no legal authorities and no analysis whatsoever. Further, appellants challenge is that the trial court's finding is unsupported by the evidence in the record. But, appellants have failed to marshal the evidence as required by our standard of review. When appellant attacks the evidence, we begin our analysis with the trial court's finding of fact, not with an appellant's view of the way the trial court should have found. *Ashton v. Ashton,* 733 P.2d 147, 150 (Utah 1987). In order to challenge the trial court's findings of fact, appellant must first marshal the evidence which supports the finding and then demonstrate that, despite this evidence, they are clearly erroneous. *Anton v. Thomas,* 806 P.2d 744, 747 (Utah Ct.App.1991). Moreover, appellants have not complied with Utah R.App.P. 24(a)(5) which requires:

> A statement of the issues presented for review and the *standard of appellate review for each issue with supporting authority for each issue.*

(Emphasis added). *See also,* Form 8-content requirements, item 5, Utah R.App.P.

This standard of review requirement was added to our rules effective April 1, 1990, and should not be ignored. The purpose of this requirement is to focus the briefs, thus promoting more accuracy and efficiency in the processing of appeals. Due to appellant's lack of compliance with our rules on this issue, we assume the correctness of the trial court's judgment.

### CONCLUSION

The judgment of the trial court regarding interest payable on the note is reversed and remanded for entry of judgment in accord with this opinion. The judgment of the trial court regarding failure of consideration and attorney fees stands, we having declined to reach these issues.

BILLINGS and GREENWOOD, JJ., concur.