**Brian D. BURNS, D.C., dba Burns Chiropractic Clinic, Plaintiff and Appellee,**

v.

**Lowell V. SUMMERHAYS and Victor Lawrence, Defendants and Appellants.**

No. 950668–CA.

Court of Appeals of Utah.

Oct. 31, 1996.

---

Victor Lawrence, Salt Lake City, Pro Se.

Ralph C. Petty, Salt Lake City, for Plaintiff and Appellee.

Before ORME, JACKSON and WILKINS, JJ.

## OPINION

JACKSON, Judge:

Victor Lawrence appeals the trial court's ruling finding him liable to Brian D. Burns for disbursing personal injury settlement proceeds in disregard of Burns's assignment and lien on a portion of the proceeds. We affirm.

## BACKGROUND

Burns, a chiropractic physician, received an assignment and lien on the proceeds from the personal injury action of his patient, John Ward. Ward was represented in the underlying personal injury action by Lowell V. Summerhays, who negotiated a settlement in the case. The proceeds from the settlement were received by Lawrence, also an attorney, who disbursed the proceeds to Summerhays and Ward, retaining none of the funds for himself. Although Lawrence had notice of Burns's claim to a portion of the proceeds, he did not disburse any of the proceeds to Burns. Ward thereafter filed bankruptcy, listing Burns as a creditor and seeking to discharge this obligation. Burns then brought this action against Summerhays and Lawrence, seeking to recover for his medical services and claiming that Summerhays and Lawrence were liable for distributing the settlement proceeds without satisfying his claim.

. Summerhays settled at trial. Therefore, this appeal involves only Lawrence. Although before receiving the settlement check Lawrence did not take part in the underlying personal injury action or settlement negotiations, the trial court determined that Lawrence's acts of accepting and endorsing the settlement check, depositing the check in his trust account, and then disbursing the proceeds, were sufficient to constitute legal representation. The trial court further concluded that Lawrence had a legal duty to discover and satisfy the claims of third parties to the settlement proceeds. The trial court thus determined that by disbursing the proceeds in contravention of Burns's assignment and lien on the proceeds, despite notice of the assignment and lien, Lawrence breached this duty.

## ANALYSIS

■ Lawrence raises three issues on appeal. Lawrence asserts that the trial court erred in (1) finding that he engaged in legal representation; (2) concluding that he owed a duty to a third party assignee to pay over settlement proceeds; and (3) denying his motion to dismiss or for a directed verdict. However, because Lawrence's appellate brief fails to comply with the briefing requirements of Rule 24 of the Utah Rules of Appellate Procedure, we decline to reach the merits of these claims, and we affirm the trial court's rulings. *See English v. Standard Optical Co.,* 814 P.2d 613, 619 (Utah App. 1991) ("Due to non-compliance with our briefing rule, we decline to address this issue and assume the correctness of the judgment below."); *Christensen v. Munns,* 812 P.2d 69, 72–73 (Utah App.1991) (declining to address issue and assuming correctness of trial court's judgment where appellants' brief had no citations to record, no legal authorities, and no analysis); *Koulis v. Standard Oil Co.,* 746 P.2d 1182, 1184–85 (Utah App.1987) (disregarding brief and assuming correctness of judgment below where appellant's brief failed to comply with Rule 24).

Rule 24 of the Utah Rules of Appellate Procedure requires that the appellant's brief contain

[a] statement of the issues presented for review, including for each issue: the stan-

dard of appellate review with supporting authority; and

    (A) citation to the record showing that the issue was preserved in the trial court; or

    (B) a statement of grounds for seeking review of an issue not preserved in the trial court.

Utah R.App. P. 24(a)(5). The Rule also provides that "[t]he argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R.App. P. 24(a)(9).

Lawrence's brief fails to comply with a number of the briefing requirements of Rule 24. Lawrence's brief does not contain citations to the record showing that each of the issues he has raised was preserved for appeal in the trial court. Lawrence also fails to indicate the standard of review for each of the issues. While Lawrence lists three issues, he only provides an argument for two of these issues; he does not provide any argument on the issue of whether the trial court erred in finding that he engaged in legal representation. For the remaining two issues that he does address, Lawrence fails to provide adequate legal analysis and authority to support his assertions. In his entire brief, Lawrence cites to only one authority, the Comment to Rule 1.13 of the Rules of Professional Conduct, and the "Scope" of these Rules, to support his assertions. With respect to this single authority, Lawrence claims that the trial court improperly relied on an ethical rule to establish his duty to a nonclient. However, he cites no other legal authority as to why this is improper. For his claim that the trial court erred in denying either his motion to dismiss or his motion for a directed verdict, Lawrence cites absolutely no authority.

"This court has routinely declined to consider arguments which are not adequately briefed on appeal." *State v. Yates,* 834 P.2d 599, 602 (Utah App.1992) (citing *State v. Price,* 827 P.2d 247, 248 (Utah App.1992); *State v. Day,* 815 P.2d 1345, 1351 (Utah App.1991); *Christensen,* 812 P.2d at 72–73;

*Koulis,* 746 P.2d at 1184–85). The Utah Supreme Court has likewise refused to consider issues not adequately briefed. *See Walker v. U.S. Gen., Inc.,* 916 P.2d 903, 908 (Utah 1996); *Butler, Crockett & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Co.,* 909 P.2d 225, 234 (Utah 1995); *State v. Wareham,* 772 P.2d 960, 966 (Utah 1989); *Graco Fishing & Rental Tools, Inc. v. Ironwood Exploration, Inc.,* 766 P.2d 1074, 1079 (Utah 1988); *State v. Amicone,* 689 P.2d 1341, 1344 (Utah 1984).

This court has discussed the purposes of Rule 24's briefing requirements. In *Christensen,* this court noted that the requirements of the rule serve to "focus the briefs, thus promoting more accuracy and efficiency in the processing of appeals." 812 P.2d at 73 (specifically referring to standard of review requirement). Similarly, in *Demetropoulos v. Vreeken,* 754 P.2d 960 (Utah App.), *cert. denied,* 765 P.2d 1278 (Utah 1988), this court emphasized the importance of the rule in contributing to the efficiency of the court, noting that " '[i]f the court is not supplied with the proper tools to decide cases, then extremely valuable time, already severely rationed, must be diverted from substantive work' into less productive tasks." *Id.* at 961 (quoting *Kushner v. Winterthur Swiss Ins. Co.,* 620 F.2d 404, 407 (3d Cir.1980)); *see also State v. Bishop,* 753 P.2d 439, 450 (Utah 1988) (" '[A] reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research.' ") (quoting *Williamson v. Opsahl,* 92 Ill.App.3d 1087, 48 Ill.Dec. 510, 511, 416 N.E.2d 783, 784 (1981)).

■ As we have stated in the past, "[w]e concede that not every brief filed is in strict compliance with our rules." *Demetropoulos,* 754 P.2d at 962. However, to permit meaningful appellate review, briefs must comply with the briefing requirements sufficiently to "enable us to understand ... what particular errors were allegedly made, where in the record those errors can be found, and why, under applicable authorities, those errors are material ones necessitating reversal or other relief." *Id.* In this case, in which the appel-

lant has failed to provide adequate legal analysis and legal authority in support of his claims, appellant's assertions do not permit appellate review.

## CONCLUSION

Lawrence's appellate brief fails to conform to the requirements of Rule 24 of the Utah Rules of Appellate Procedure. We therefore decline to address Lawrence's claims on appeal and affirm the trial court's rulings.

WILKINS, J., concurs.

ORME, P.J., concurs in result only.