IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Steven Van Den Eikhof, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110037-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Vista School, a Utah public charter school, | ) | (April 26, 2012) |
| | ) | |
| | ) | 2012 UT App 125 |
| Defendant and Appellee. | ) | |

-----

Fifth District, St. George Department, 090503847
The Honorable G. Rand Beacham

Attorneys:     Bryan T. Adamson, St. George, for Appellant
               J. Gregory Hardman and Lewis P. Reece, St. George, for Appellee

-----

Before Judges Orme, Davis, and Roth.

ORME, Judge:

¶1     Rule 24 of the Utah Rules of Appellate Procedure contains several briefing requirements that exist to ensure an efficient appellate process. *See* Utah R. App. P. 24. While we avoid being so finicky as to summarily affirm because of comparatively minor deficiencies, there comes a point at which violations of the rule become too substantial to ignore. This is such a case.

¶2     Among the requirements detailed in rule 24 is a mandate that briefs contain "[a] statement of the issues presented for review, including for each issue:  the standard of appellate review with supporting authority[.]" *Id.* R. 24(a)(5). The brief must also

include "citation to the record showing that the issue was preserved in the trial court; or . . . a statement of grounds for seeking review of an issue not preserved in the trial court." *Id.* R. 24(a)(5)(A)-(B). Further, "[t]he argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." *Id.* R. 24(a)(9). "[R]ule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). We may decline to reach the merits of an issue "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *Id.* Finally, when we decline to reach the merits of a case due to inadequate briefing, we "assume the correctness of the judgment below." *English v. Standard Optical Co.*, 814 P.2d 613, 619 (Utah Ct. App. 1991).

¶3     The briefing requirements of rule 24 exist for good reason. "[T]he requirements of the rule serve to focus the briefs, thus promoting more accuracy and efficiency in the processing of appeals." *Burns v. Summerhays*, 927 P.2d 197, 199 (Utah Ct. App. 1996) (citation and internal quotation marks omitted). Further, "this court [has] emphasized the importance of the rule in contributing to the efficiency of the court, noting that if the court is not supplied with the proper tools to decide cases, then extremely valuable time, already severely rationed, must be diverted from substantive work into less productive tasks." *Id.* (alterations, citations, and  internal quotation marks omitted). In short, this court "is not simply a depository in which the appealing party may dump the burden of argument and research," *State v. Montoya*, 937 P.2d 145, 150 (Utah Ct. App. 1997) (citation and internal quotation marks omitted), and "we may refuse, sua sponte, to consider inadequately briefed issues," *State v. Lee*, 2006 UT 5, ¶ 22, 128 P.3d 1179 (citing Utah R. App. P. 24).

¶4     This is not a prerogative that should be exercised arbitrarily or at the whim of the appellate panel assigned to the case. Instead, this course of action should be reserved for instances where the inadequacy is not merely technical, but rather is so substantial as to significantly impede the court's ability to readily grasp the facts of record, the issues on appeal, the way in which those issues were preserved for appeal, the governing standards of review, and the legal authorities that the appellant believes warrant some relief. And in such instances of substantial deviation from the rule's

requirements, the prerogative should not be exercised inconsistently or unpredictably, but more or less automatically.

¶5 Here, Appellant completely neglects to state a standard of review for the issues he has listed, nor has he directed this court to any authority pertaining to the applicable standards of review. Further, Appellant largely fails to cite to the record, turning this court's attention in only a few instances to the brief's addendum, which contains copies of correspondence and a few excerpts from the trial transcript. Despite a multitude of factual assertions, the vast majority of Appellant's statement of facts, statement of the case, and discussion of those facts in the argument section are devoid of record citations.[1] Additionally, some of the statements regarding the trial court's disposition are not only unsupported by record citations, but are actually inconsistent with what *is* in the record.[2]

---

[1]The requirement that all factual contentions be accompanied by a record citation is particularly important because "[o]n appeal, we are limited to the findings of fact made by the trial court and may not find new facts or reweigh the evidence[.]" *Angel Investors, LLC v. Garrity*, 2009 UT 40, ¶ 38, 216 P.3d 944 (citation and internal quotation marks omitted). For this reason, the Utah Supreme Court has held that appellate courts "need not, and will not, consider any facts not properly cited to, or supported by the record." *West Jordan City v. Goodman*, 2006 UT 27, ¶ 33, 135 P.3d 874 (alterations, emphasis, citations, and internal quotation marks omitted).

[2]For example, Appellant asserts that the trial court concluded that discovery had been properly served because it deemed discovery sent via email to be as adequately served as if it had been sent via regular mail. Appellant asks us to hold that the email sent by Appellee was not a proper method for serving discovery requests, thus negating the admissions that resulted from Appellant's failure to respond to the emailed requests. *See* Utah R. Civ. P. 36(a) (stating that requested admissions are deemed admitted if not denied or otherwise properly responded to). However, it appears that the trial court did not merely address the efficacy of electronic communication, but found, as well, that the discovery had also been properly sent via U.S. mail, noting the relevant certificate of service and Appellee's affidavits discussing law firm postage logs and details of service.

¶6     Further, Appellant refers to virtually no legal authority in support of his six articulated issues, citing only two cases in his entire brief.  The discussion of one of those decisions, relied on to support only one of his several issues, is devoid of any meaningful analysis.  And the other cited precedent is only briefly mentioned—to explain why Appellant failed to refer to the case in the proceedings before the trial court.

¶7     Appellee points out many of the shortcomings of Appellant's brief and requests summary affirmance on this basis.  Appellant chose not to file a reply brief to refute these characterizations or to otherwise rationalize or explain his rule 24 violations.  Nor did he take the message to heart and seek leave to submit a brief compliant with rule 24.  Because Appellant has failed to meet several fundamental briefing requirements spelled out in rule 24, we decline to address the merits of his appeal.

¶8     Affirmed.


_____
Gregory K. Orme, Judge


-----


¶9     WE CONCUR:



_____
James Z. Davis, Judge



_____
Stephen L. Roth, Judge